IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MURRAY SCHEINMAN and JEFFREY SCHEINMAN, | ) ) ) |
| Plaintiffs, | ) Civil Action No.: 10 C 4848 ) |
| v. | ) Suzanne B. Conlon, Judge ) |
| BMW OF NORTH AMERICA, LLC *et al.*, | ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Jeffrey Scheinman suffered debilitating injuries when his BMW convertible was rear-ended by a tractor-trailer truck. His guardian, Murray Scheinman, filed suit on his behalf in the Circuit Court of Cook County against Bayerische Motoren Werke Aktiengesellschaft ("BMW AG"), BMW of North America, LLC ("BMW NA"), and the retailer who sold him the car, later properly identified as Karl Knauz Motors, Inc., alleging product liability and negligence.[1] After BMW NA and Karl Knauz Motors were served, they removed the case to federal court pursuant to 28 U.S.C. § 1441,[2] alleging that diversity jurisdiction existed despite the presence of nondiverse defendant Karl Knauz Motors on a fraudulent joinder theory. Scheinman moves to

---

[1] Scheinman filed a separate lawsuit against the driver of the truck, the driver's employer, and others. *Scheinman v. Martin's Bulk Milk Services, Inc.*, No. 09 C 5340 (N.D. Ill) (Nordberg, J.).

[2] BMW AG was served after the case was removed to federal court and was not required to join the removal. However, its citizenship is relevant to diversity jurisdiction under 28 U.S.C. § 1332. *Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir. 1997).

1

remand to state court, while Karl Knauz Motors moves to dismiss based on the reasons asserted for fraudulent joinder.

## I. BACKGROUND

Murray Scheinman, as the representative of Jeffrey Scheinman, is deemed to share Jeffrey's Illinois citizenship. 28 U.S.C. § 1332(c)(2). In the removal notice, defendants allege that Karl Knauz Motors is an Illinois corporation with its principal place of business in Illinois; BMW NA is a Delaware corporation with its principal place of business in New Jersey; and BMW AG is a German corporation with its principal place of business in Germany. Dkt. No. 1, Notice of Removal ¶ 7(a)-(c). According to the complaint, BMW AG is the manufacturer, BMW NA is the importer/distributor, and Karl Knauz Motors is the retail seller of a 2008 BMW convertible that Scheinman bought and was driving at the time of the accident. Dkt. No. 1, Notice of Removal, Ex. A ¶¶ 1-4. Scheinman alleges that the car was in an unreasonably dangerous condition: the fuel system, seats, and body structure were inadequate to protect him in a rear-end collision and increased the likelihood of injury. Dkt. No. 1, Notice of Removal, Ex. A ¶ 14.

## II. DISCUSSION

### A. Diversity Jurisdiction Not Established

If the asserted basis for federal jurisdiction is diversity, removal is proper provided that the amount in controversy exceed $75,000, there is complete diversity, and no defendant is a citizen of Illinois, the state where this case was filed. 28 U.S.C. §§ 1332(a), 1441(a), (b); *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 378 (7th Cir. 2000). The burden of establishing jurisdiction lies with the removing party. *Tropp v. W.-S. Life Ins. Co.*, 381 F.3d 591, 595 (7th

2

Cir. 2004); *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). A plaintiff is presumed to be able to choose his own forum, and courts interpret the removal statute narrowly, resolving any doubts in favor of remand. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

On its own motion, the court finds defendants' diversity allegations are facially inadequate and do not establish federal jurisdiction. The notice of removal states that BMW NA is a Delaware corporation with its principal place of business in New Jersey. Dkt. No. 1, Notice of Removal ¶ 7(b). Nevertheless, defendants identify BMW NA as a limited liability company ("LLC"). For example, the Car Center Agreement, attached to defendants' notice of removal, identifies "BMW NA" as "BMW of North America, LLC, a limited liability company organized under the laws of the State of Delaware." Dkt. No. 19, Suppl. to Record, Ex. A ¶ 1(f). Peter Bauer attests he is "employed by BMW of North America, LLC." Dkt. No. 1, Notice of Removal, Ex. D ¶ 1. In every filing in this court, including the notice of removal, attorney appearances, the answer, BMW NA self-identifies as "BMW of North America, LLC." Dkt. Nos. 1, 2, 3, 5, 6, 13, 15, 19, 20, 23, 24, 35, 38, 39. Accordingly, BMW NA judicially admits it is an LLC, not a corporation. Unlike a corporation that is a citizen of both its state of incorporation and principal place of business, an LLC shares the citizenship of each of its members. *Wise v. Wachovia Sec., LLC,*, 450 F.3d 265, 267 (7th Cir. 2006); *Commonwealth Ins. Co. v. Titan Tire Corp.*, 398 F.3d 879, 881 n.1 (7th Cir. 2004); *Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003). Defendants have failed to identify BMW NA's members or their citizenship. Therefore, defendants have not met their burden to establish federal jurisdiction.

### B. Inapplicability of the Fraudulent Joinder Doctrine

Scheinman contends that as an Illinois corporation, Karl Knauz Motors destroys diversity. Defendants assert that Scheinman fraudulently joined Karl Knauz Motors to defeat federal diversity jurisdiction. If a district court concludes that a nondiverse defendant has been fraudulently joined, the court may assume jurisdiction over the case and dismiss the nondiverse defendant. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 763 (7th Cir. 2009). Fraudulent joinder does not require bad faith on the plaintiff's part but exists if the claims against the nondiverse defendant have no chance of success. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). Removing defendants claiming fraudulent joinder bear a heavy burden to show that the plaintiff cannot establish a cause of action against the nondiverse defendant after all issues of fact and law are resolved in plaintiff's favor. *Poulos*, 959 F.2d at 73. BMW NA and Karl Knauz Motors must show that Scheinman has no reasonable possibility of stating either a product liability or a negligence claim against Karl Knauz Motors under Illinois law. *See Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999).

In Illinois, all parties in the chain of distribution are responsible in strict liability for injuries caused by a defective product. *Graham v. Bostrom Seating, Inc.*, 921 N.E.2d 1222, 1226-27 (Ill. App. Ct. 2010). Defendants argue that Scheinman has no chance of success against Karl Knauz Motors because 735 ILCS 5/2-621 ("§ 2-621") authorizes dismissal of a nonmanufacturing defendant in a product liability case once the manufacturer has been identified and made part of the litigation. Often referred to as the "seller's exception," § 2-621 instructs a nonmanufacturing defendant to certify the identity of the manufacturer of the product so that the plaintiff can sue the manufacturer. *S. Side Trust & Sav. Bank of Peoria v. Mitsubishi Heavy*

4

*Indus., Ltd.*, 927 N.E.2d 179, 186 (Ill. App. Ct. 2010); *Murphy v. Mancari's Chrysler Plymouth, Inc.*, 887 N.E.2d 569, 573 (Ill. App. Ct. 2008). Once the manufacturer is part of the litigation, dismissal of the certifying defendant is mandatory, unless that defendant had actual knowledge of the defect, created the defect, or had significant control over the design or manufacture of the product. 735 ILCS 5/2-621(b), (c)(1); *Lamkin v. Towner*, 563 N.E.2d 449, 459 (Ill. 1990). Defendants contend that Karl Knauz Motors has satisfied the statute: BMW AG has been identified as the manufacturer of Scheinman's car, has been served, and has answered the complaint.

Scheinman responds that he states a viable claim against Karl Knauz Motors because Illinois traditionally holds all parties in the chain of distribution, including sellers, liable for a defective product. Although true as a matter of general common law, *see Crowe v. Pub. Bldg. Comm'n of Chi.*, 383 N.E.2d 951 (Ill. 1978) (former lessor who no longer controlled product deemed part of chain of distribution for product liability purposes); *Dunham v. Vaughan & Bushnell Mfg. Co.*, 247 N.E.2d 401 (Ill. 1969) (manufacturer and wholesaler of product are liable in product liability); *Graham v. Bostrom Seating, Inc.*, 921 N.E.2d 1222 (Ill. App. Ct. 2010) (all members of chain of distribution and those who profited from sale are potentially liable in product liability); *Bittler v. White & Co.*, 560 N.E.2d 979 (Ill. App. Ct. 1990) (role as liaison between product's manufacturer and purchaser without ever possessing product enough to sustain potential liability in product liability), Scheinman ignores the defendants' argument that § 2-621 changes the rule with respect to Karl Knauz Motors, a nonmanufacturing defendant. Normally, failure to address an argument constitutes waiver of opposition. *Economy Folding Box Corp. v. Anchor Frozen Foods Corp.*, 515 F.3d 718, 720-21 (7th Cir. 2008). But subject

matter jurisdiction cannot be waived, and this court must conduct an independent review. 28 U.S.C. § 1447(c); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *Dexia Credit Local v. Rogan*, 602 F.3d 879, 883 (7th Cir. 2010).

Karl Knauz Motors appears to have satisfied the conditions needed for dismissal under § 2-621.[3] That does not end the fraudulent joinder inquiry. Dismissal under § 2-621 is not final until the conclusion of the case because the statute allows a dismissed defendant to be reinstated if recovery against the manufacturer becomes impossible or unavailing. 735 ILCS 5/2-621(b); *Kellerman v. Crowe*, 518 N.E.2d 116, 117-19 (Ill. 1987). The statute allows a plaintiff "at any time" to move to reinstate a dismissed defendant upon a showing that an action against the manufacturer is time-barred, the manufacturer was incorrectly identified, the manufacturer is not subject to the court's jurisdiction, or the manufacturer cannot satisfy a judgment or settlement. 735 ILCS 5/2-621(b). A dismissal under § 2-621 does not affect the rights of the plaintiff because of the possibility of reinstatement. *Kellerman*, 518 N.E.2d at 118 ("A dismissal under section 2-621 does not dispose of the rights of the parties. Rather, the statute clearly contemplates the possibility of further action . . . .").

Based on the possibility of reinstating a dismissed defendant, another Illinois district court has held that § 2-621 cannot be the basis for finding fraudulent joinder. *Phillips v. Howmedica Osteonics Corp.*, No. 07-833-GPM, 2007 WL 4441228, at *6 (S.D. Ill. 2007)

---

[3] BMW NA, not Karl Knauz Motors, certified the identity of the manufacturer. Dkt. No. 1, Notice of Removal, Ex. D ¶ 8. Section 2-621 allows only a "certifying defendant" to be dismissed. But this court will not hold the parties to a hypertechnical reading of the statute. *Cf. Cherry v. Siemans Med. Sys., Inc.*, 565 N.E.2d 215, 218 (Ill. App. Ct. 1990) (premature dismissal of certifying defendant before manufacturer was served not erroneous because manufacturer was later served and appeared, entitling defendant to dismissal).

(Murphy, J.); *Mills v. Martin & Bayley, Inc.*, No. 05-888-GPM, 2007 WL 2789431, at *5 n.1 (S.D. Ill. 2007) (Murphy, J.); *Laroe v. Cassens & Sons, Inc.*, 472 F. Supp. 2d 1041, 1050-53 (S.D. Ill. 2006) (Murphy, J.). Two judges of this court have concluded that the nonfinal nature of a § 2-621 dismissal defeats a claim of fraudulent joinder. *See Rubino v. Keller Ladders, Inc.*, No. 98 C 262, 2000 WL 220510, at *1 (N.D. Ill. 2000) (Gettleman, J.) (discussing earlier remand of case based on possibility nondiverse defendant dismissed under § 2-621 could be reinstated); *Ciaccio v. Playtex Family Prods.*, No. 88 C 4577, 1988 WL 105304, at *1 (N.D. Ill. 1988) (Conlon, J.) (same). Another Illinois district court has suggested that a defendant dismissed under § 2-621 cannot be fraudulently joined. *Cincinnati Ins. Co. v. Production Design Products, Inc.*, No. 06-CV-915 JPG, 2007 WL 1021975, at *7 (S.D. Ill. 2007) (Gilbert, J.) (noting possibility that manufacturers may be unable to satisfy judgment, bringing nondiverse defendant dismissed under § 2-621 back into case).

Defendants have failed to acknowledge the possibility that Karl Knauz Motors may be reinstated in the future under Illinois law. They attempt to distinguish the decisions by the Southern District of Illinois in *Phillips*, *Mills*, and *Laroe* because they were based on "certain circumstances not extant here." Dkt. No. 5, Mem. In Supp. of Removal, p. 9. Defendants fail to identify the distinguishing circumstances. They rely instead on *Inman v. Daimler-Chrysler*, No. 00 C 134, 2000 WL 283016 (N.D. Ill. 2000) (Conlon, J.) (fraudulent joinder found based on nondiverse defendant's § 2-621 dismissal). That case is not persuasive because it does not factor the possibility of reinstatement into its analysis. Despite bearing the burden to show fraudulent joinder, defendants have identified no case that has found fraudulent joinder under § 2-621 after considering the possibility of reinstatement. Defendants' failure to address this issue, coupled

with the fact that a § 2-621 dismissal explicitly does not affect the plaintiff's rights, demonstrate there are serious doubts about the applicability of fraudulent joinder as the lynchpin for federal diversity jurisdiction. This court must resolve these doubts in favor of remand. *Wirtz Corp. v. United Distillers & Vitners N. Am., Inc.*, 224 F.3d 708, 715-16 (7th Cir. 2000) (Ripple, J., concurring).

### III. CONCLUSION

For the foregoing reasons, the motion to remand this case to the Circuit Court of Cook County is granted. Karl Knauz Motors's motion to dismiss is denied for lack of federal diversity jurisdiction.

ENTER:

9/30/2010

Suzanne B. Conlon
United States District Judge